UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| CLIFF OHLER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NAMPA POLICE DEPARTMENT through CITY OF NAMPA, a municipality; JOE HUFF, in his official capacity; CURTIS CARPER, individually and in his official capacity; CANYON COUNTY, a body politic; CANYON COUNTY PROSECUTING ATTORNEY BRYAN TAYLOR, in his official capacity; ELEONORA SOMOZA, in her official capacity; CURTIS SHANKEL, individually and in his official capacity; SHANE HUSTON, an individual and in his official capacity,<br><br>Defendants, | Case No.: 1:24-cv-00317-REP<br><br>MEMORANDUM DECISION AND ORDER RE:<br><br>NAMPA DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS<br><br>(Dkt. 15)<br><br>PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT<br><br>(Dkt. 19)<br><br>PLAINTIFF'S AMENDED MOTION FOR LEAVE TO AMEND COMPLAINT<br><br>(Dkt. 21) |

Pending before the Court are three motions: (i) the Nampa Defendants' Motion for Partial Judgment on the Pleadings (Dkt. 15); (ii) Plaintiff's Motion for Leave to Amend Complaint (Dkt. 19); and (iii) Plaintiff's Amended Motion for Leave to Amend Complaint (Dkt. 21).[1] Having reviewed the record and the parties' briefs, the Court finds that oral argument is not necessary. *See* Dist. of Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court grants Defendants' Motion for Partial Judgment on the Pleadings (Dkt. 15), and denies Plaintiff's Motion to Amend (Dkts. 19 & 21).

---

[1] The Court understands that Plaintiff's Amended Motion for Leave to Amend Complaint (Dkt. 21) is identical to his earlier Motion for Leave to Amend Complaint (Dkt. 19), except that the latter Motion attaches a redlined version of the proposed Amended Complaint consistent with District Local Civil Rule 15.1(a). With this in mind, references herein to Plaintiff's "Motion to Amend" encompass both Motions.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Plaintiff is a Probation and Parole Officer with the Idaho Department of Corrections and assigned as a Task Force Officer with the Federal Bureau of Investigation's Violent Crimes Task Force.  Pl.'s Compl. at ¶ 15 (Dkt. 1).  His work in this regard includes maintaining confidential informants and, thus, often requires assisting and working together with local police departments.  *Id*. at ¶¶ 13, 16-17.  This case relates to that cooperative relationship, specifically as between Plaintiff and Defendant Nampa Police Department.

Plaintiff generally alleges that Defendant Nampa Police Department, through Defendants City of Nampa, Joe Huff, Curtis Carper, Curtis Shankel, and Shane Huston (collectively the "Nampa Defendants"), took adverse action against him for refusing to carry out a directive that he believed would have violated (i) one of his parolee's Fourth and Fifth Amendment rights, as well as (ii) his oath as a law enforcement officer to uphold the laws of the State of Idaho and the United States Constitution.  *See generally id*. at ¶¶ 71-78, 109-118.  He in turn brings several causes of action against the Nampa Defendants, including as relevant here, a claim for constructive discharge in violation of the Idaho Protection of Public Employees Act ("IPPEA"), Idaho Code § 6-2101 et seq.  *Id*. at ¶¶ 146-57.

On July 25, 2024, the Nampa Defendants answered Plaintiff's Complaint (Dkt. 5).  Soon thereafter, the Nampa Defendants filed the pending Motion for Partial Judgment on the Pleadings (Dkt. 15).  They argue that, because a claim for constructive discharge under the IPPEA requires a predicate employer/employee relationship, and because Plaintiff does not allege that he was ever an employee of any of the Nampa Defendants, that claim must be dismissed as a matter of law.  *See generally* Mem. ISO Mot. for J. on the Pldgs. (Dkt. 15-1).

Plaintiff opposes the Nampa Defendants' Motion for Partial Judgment on the Pleadings, while simultaneously moving for leave to amend his Complaint (the pending Motion to Amend)

**MEMORANDUM DECISION AND ORDER - 2**

to replace his constructive discharge claim with a retaliation claim (also under the IPPEA). *See* Opp. to MTD and Mem. ISO Mot. to Am. at 1-2 (Dkt. 18) ("Plaintiff . . . hereby submits this Memorandum in support of his motion for leave to amend the complaint to amend Count II – Constructive Discharge from Employment, Violation of Idaho Code § 6-2101 et seq., to the correct claim, Count II – Retaliation, pursuant to Idaho Code § 6-2104 . . . ."). According to Plaintiff, a retaliation claim is "a cause of action that does not require Plaintiff to be employed by the City of Nampa." *Id*. at 2.

The Nampa Defendants disagree. Shifting from their underlying Motion for Partial Judgment on the Pleadings, they now oppose Plaintiff's Motion to Amend for the same reason as before: a retaliation claim under the IPPEA *also* requires that Plaintiff be employed by the City of Nampa. *See* Opp. to Mot. to Am. at 3-7 (Dkt. 20) (additionally arguing that liability against the individual Nampa Defendants is altogether improper) (citing *Hammer v. City of Sun Valley*, 414 P.3d 1178, 1187 (Idaho 2016) ("[W]e hold that the IPPEA does not create individual liability for an agent of the employer.")).

This evolving procedural backdrop highlights that Plaintiff does not oppose the dismissal of his constructive discharge claim. To be sure, through his Motion to Amend, Plaintiff seeks to now substitute that claim with a retaliation claim. The Nampa Defendants' Motion for Partial Judgement on the Pleadings is therefore granted and Plaintiff's constructive discharge claim is dismissed. As a result, this Memorandum Decision and Order substantively addresses only Plaintiff's Motion to Amend and whether a retaliation claim can be added to his Complaint at this time. The Court takes up that lone issue below.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 15 requires the court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Court of Appeals for the

**MEMORANDUM DECISION AND ORDER - 3**

Ninth Circuit has stated that "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). When determining whether to grant leave to amend, the district court must draw all inferences in favor of granting the motion and consider five factors: (i) bad faith; (ii) undue delay; (iii) prejudice to the opposing party; (iv) futility; and (v) whether the plaintiff has previously amended his complaint. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Futility alone can be enough to deny a motion for leave to amend. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). In evaluating the legal sufficiency of a proposed amendment, the proper test to be applied is the Federal Rule of Civil Procedure 12(b)(6) standard. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

The purpose of a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff is required to allege "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). But the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Federal Rule of Civil

**MEMORANDUM DECISION AND ORDER - 4**

Procedure 8(a) does not require detailed factual allegations, "the mere possibility of misconduct" or "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" fall short of meeting the requisite plausibility standard. *Iqbal*, 556 U.S. at 678-79. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Thus, a proposed amended pleading is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller*, 845 F.2d at 214.

## DISCUSSION

The Nampa Defendants originally moved to dismiss Plaintiff's constructive discharge claim because Plaintiff never alleged he was employed by the City of Nampa. *Supra*. Rather than confront that argument, Plaintiff now moves to amend his Complaint to swap his constructive discharge claim for a retaliation claim. *Id*. He argues that a retaliation claim is the correct cause of action because, unlike a constructive discharge claim, a retaliation claim does not require that he be employed by the City of Nampa. *Id*. Plaintiff's proposed Amended Complaint reflects this belief as he still does not allege that he was ever employed by the City of Nampa. *See generally* Ex. A to Mot. to Am. Compl. (Dkt. 19). He nonetheless argues that the Nampa Defendants retaliated against him in violation of the IPPEA. *Supra*.

The Nampa Defendants oppose Plaintiff's amendment efforts on two grounds. First, they argue that the legal sufficiency of Plaintiff's retaliation claim depends upon the allegations

**MEMORANDUM DECISION AND ORDER - 5**

within his proposed Amended Complaint, not the arguments within Plaintiff's opposition to their Motion for Partial Judgment on the Pleadings and in support of his own Motion to Amend. Opp. to Mot. to Am. at 2-3 (Dkt. 20). When the grievances referenced within Plaintiff's "word salad" briefing are disregarded and only the proposed Amended Complaint's allegations are considered, they say, Plaintiff's Motion to Amend must be denied. *Id*. Second, the Nampa Defendants argue that amendment is futile because Plaintiff's retaliation claim requires an employment relationship with the City of Nampa. *Id*. at 3-7. Absent allegations to this effect, they say, Plaintiff's Motion to Amend must be denied for this separate reason. *Id*. The arguments of the Nampa Defendants are meritorious.

To begin, the Court agrees with the Nampa Defendants that, pertinent to a motion to amend, arguments raised within a party's briefing in support thereof do not supplant what has (and has not) been alleged in the complaint. The lodestar is the underlying complaint. *See, e.g.*, *Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original). Before the Court here is Plaintiff's Motion to Amend. Accordingly, the Court's focus is on Plaintiff's proposed Amended Complaint, not any new facts that may have been alleged in his briefing in support of that objective.

But the Court is not convinced that Plaintiff's briefing improperly injects new facts for the Court to consider on his Motion to Amend. The briefing may add "meat to the bone," but it aligns with the allegations already within Plaintiff's proposed Amended Complaint. *See* Reply ISO Mot. to Am. at 3-5 (Dkt. 24) (citing Ex. A to Mot. to Am. Compl. at ¶¶ 15-17, 71-78, 109-18 (Dkt. 19) (citing proposed Amended Complaint's allegations of retaliation)). When accepted as true, these allegations could represent actionable retaliatory acts in the proper context.

**MEMORANDUM DECISION AND ORDER - 6**

This does not save Plaintiff's Motion to Amend, however. That is because claims under the IPPEA – like Plaintiff's original constructive discharge claim and now his proposed retaliation claim – presume an underlying employment relationship. *See* I.C. § 6-2101 (intent of IPPEA is to "provid[e] a legal cause of action for public *employees* who experience adverse action from their *employer* as a result of reporting waste and violations of a law, rule or regulation") (emphasis added); *id*. at § 6-2104(1)(a) ("An *employer* may not take adverse action against an *employee* because the *employee* . . . .") (emphasis added); *see also* Opp. to Mot. to Am. at 5 (Dkt. 20) (Nampa Defendants noting how remedies for violation of the IPPEA include "reinstatement of the employee to the same position," the "reinstatement of full fringe benefits and seniority rights," and the "compensation for lost wages, benefits and other remuneration") (citing I.C. § 6-2106). Plaintiff implicitly seems to acknowledge as much. That is, while he states that his Motion to Amend should be granted because a retaliation claim does not require him to be employed by the City of Nampa, he proceeds to quote the sections of the IPPEA that expressly refer to the existence of an underlying employment relationship. Mem. ISO Mot. to Am. at 7-9 (Dkt. 18). This only helps prove the Nampa Defendants' argument.

And crucially, Plaintiff never alleges that an employment relationship existed between him and the City of Nampa that would anchor his retaliation claim. Responding to the Nampa Defendants' argument on this point, he only counters:

> Clearly, based on the facts presented in this case, there was a chain of command within Nampa Defendants that ordered Plaintiff to violate his parolee's Fourth and Fifth Amendment rights, which he refused to do. What this chain of command may be is unknown until Plaintiff and Nampa Defendants analyze contracts that both Plaintiff and all Defendants entered into, which could include Memoranda of Understanding (MOUs) between City of Nampa and Plaintiff, Nampa Police Department and Plaintiff, Canyon County and Plaintiff, Canyon County Prosecutor's Office and Plaintiff, in addition to any MOUs between Idaho Department of Corrections, the Federal Bureau of Investigation, and any of the Defendants in this case. The Initial Disclosures deadline for the Nampa Defendants is October 25, 2024, which should include the documents, evidence, and

**MEMORANDUM DECISION AND ORDER - 7**

information directly related to the Task Force and how the chain of command operates.

Reply ISO Mot. to Am at 6 (Dkt. 24).  Respectfully, these allegations are not as "clear" as Plaintiff may believe, especially when there are no allegations of an employment relationship between him and the City of Nampa in his proposed Amended Complaint, a central fact that should be well within his personal knowledge and not reliant on discovery.  Plaintiff has at most alleged only a possibility that such a relationship exists, depending on the existence of currently-unknown facts.  That is not enough.  *See Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").  At bottom, the overall thinness of the allegations with respect to Plaintiffs' retaliation claim against the Nampa Defendants puts this claim in the realm of the theoretically possible, not plausible.  As such, absent the necessary allegations, Plaintiff's Motion to Amend to add a retaliation claim is futile under the strictures of *Iqbal* and *Twombly*.

Plaintiff's Motion to Amend is therefore denied.

## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that: (i) the Nampa Defendants' Motion for Partial Judgment on the Pleadings (Dkt. 15) is GRANTED; and (ii) Plaintiff's Motion for Leave to Amend Complaint (Dkt. 19) and Plaintiff's Amended Motion for Leave to Amend Complaint (Dkt. 21) are DENIED.

DATED:  January 31, 2025



Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 8**